OPINION
At 8:00 p.m. on August 1, 2001, Morgan County Sheriff's Deputy Paul Raver observed appellee Paul Queen operating a motor vehicle in Morgan County, Ohio. According to the deputy, the vehicle passed through an intersection without coming to a complete stop at a stop sign. The deputy followed appellee and perfected a traffic stop. His observations of appellee led him to arrest appellee for driving under the influence of alcohol, pursuant to R.C. 4511.19 (A)(1) and (3), and failure to yield at a stop sign (R.C.4511.43).
Appellee moved to suppress all evidence obtained as a result of the stop on the basis that the deputy did not have a reasonable suspicion of criminal activity to justify stopping his vehicle. The case proceeded to a suppression hearing in the Morgan County Court. The deputy testified that appellee failed to come to a complete stop at the stop sign, and rolled through the sign at 10 to 12 miles per hour. Appellee testified that he came to a complete stop at the stop sign, then slowly coasted into the intersection in order to be able to better see if any traffic was coming. Tr. 20. When he saw no oncoming traffic, he entered the roadway. Id. He further testified that when he stopped at the stop sign, he could not see Deputy Raver's cruiser. Id. He testified that at the time he entered the intersection after stopping at the stop sign, the front bumper of the cruiser was just emerging into his view, due to tree leaves hanging down, impairing his vision. Id. at 23.
The court granted the motion to suppress, finding that there was no reasonable articulable suspicion to stop the vehicle. The State appeals, and this matter has been assigned to the accelerated calendar. The State assigns a single error on appeal:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT THE OBSERVATIONS OF THE ARRESTING OFFICER DID NOT CONSTITUTE REASONABLE AND ARTICULABLE SUSPEICION [SIC] TO STOP THE DEFENDANT.
Appellant argues that the court applied the wrong standard in granting the motion to suppress. Appellant argues that the court made a finding the statute regarding stop sign violations had been complied with, and from that finding, granted the motion to suppress. Appellant argues that this application of the law changes the standard for arrest from one of probable cause to that of beyond a reasonable doubt.
The January 30, 2002, judgment of the court states, "Based upon the testimony presented, the Court finds that there was no reasonable, articulable suspicion to stop the Defendant as the Defendant complied with the applicable statute involving a stop sign." The court did not apply the wrong standard, and clearly made a finding based on a standard of reasonable, articulable suspicion. It is apparent from the court's judgment that the court believed appellee's testimony that he came to a stop at the stop sign, rather than the deputy's testimony that appellee did not come to a complete stop at the stop sign. We cannot disturb this credibility call on appeal.
The assignment of error is overruled.
The judgment of the Morgan County Court is affirmed.
By GWIN, J., HOFFMAN, P.J., and FARMER, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Morgan County Court is affirmed. Costs to appellant.